"O"

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC - 1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JOHN ARTHUR WALTHALL, <br> Defendant. | Case No.: SACR 14-192 <br><br> ORDER OF DETENTION |

I.

A. (X) On motion of the Government in a case allegedly involving:

1. (X) a crime of violence.
2. ( ) an offense with maximum sentence of life imprisonment or death.
3. ( ) a narcotics or controlled substance offense with a minimum sentence of ten or more years.
4. ( ) any felony - where defendant convicted of two or more prior offenses described above.
5. ( ) any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

1  B.   (X)   On motion by the Government/( ) on Court's own motion, in a case
2           allegedly involving:
3       (X)   On the further allegation by the Government of:
4           1.   (X)   a serious risk that the defendant will flee.
5           2.   (X)   a serious risk that the defendant will:
6               a.   (X)   obstruct or attempt to obstruct justice.
7               b.   (X)   threaten, injure or intimidate a prospective witness or
8           juror, or attempt to do so.
9  C.   The Government ( ) is/(X) is not entitled to a rebuttable presumption that no
10      condition or combination of conditions will reasonably assure the defendant's
11      appearance as required and the safety or any person or the community.
12
13                              II.
14 A.   (X)   The Court finds that no condition or combination of conditions will
15           reasonably assure:
16      1.   (X)   the appearance of the defendant as required.
17           (X)   and/or
18      2.   (X)   the safety of any person or the community.
19 B.   (X)   The Court finds that the defendant has not rebutted by sufficient evidence
20           to the contrary the presumption provided by statute.
21
22                              III.
23      The Court has considered:
24 A.   (X)   the nature and circumstances of the offense(s) charged, including whether
25           the offense is a crime of violence, a Federal crime of terrorism, or involves
26           a minor victim or a controlled substance, firearm, explosive, or destructive
27           device;
28 ///

B.  (X)  the weight of evidence against the defendant;

C.  (X)  the history and characteristics of the defendant; and

D.  (X)  the nature and seriousness of the danger to any person or the community.

### IV.

The Court also has considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation.

### V.

The Court bases the foregoing finding(s) on the following:

A.  (X)  As to flight risk: After a District Judge released Defendant from custody in his prior case, Defendant fled and became a fugitive. Defendant is now serving a lengthy prison sentence and faces another lengthy prison sentence for the charge offense that may be imposed consecutively if he is convicted.

B.  (X)  As to danger: Defendant is a manipulative, financial predator who has already been convicted of defrauding his elderly victims out of their life savings. When Defendant was found and arrested after he fled, Defendant possessed a handgun that he intended to use to kill or harm his potential victims. Defendant is now charged with soliciting the murders of a U.S. District Judge, two AUSAs, and two FBI agents who were involved in his initial federal case. The Government proffered that Defendant solicited and asked potential assassins to not just murder his victims, but to torture and kill his intended victims and/or members of their families in extremely gruesome, horrible manners, such as having certain victims fed through a

wood chipper. During the detention hearing, Defendant smiled, as if he was amused with the Government's proffer. The Government also proffered that Defendant attempted to solicit persons to murder and/or harm his former defense counsel.

## VI.

A.　(X)　The Court finds that a serious risk exists the defendant will:

　　　1.　(X)　obstruct or attempt to obstruct justice.

　　　2.　(X)　attempt to/ (X) threaten, injure or intimidate a witness or juror.

These findings are based upon the nature of the charged offense and the aforementioned Government's proffer.

## VI.

A.　IT IS THEREFORE ORDERED that Defendant be detained prior to trial. Because Defendant is extremely dangerous and manipulative, Defendant is shall not have any contact or communications with other detainees. Defendant is only allowed to communicate with his appointed counsel of record, another federal public defender specifically assigned to his case, and a defense investigator and/or paralegal assigned to his case; he is not allowed to communicate with any other person and is not allowed any other visitors. Because Defendant has previously faked being ill or sick to obtain better conditions of confinement, no special privileges shall be granted or extended to Defendant during his detention, and any requests for medical care shall be viewed with extreme suspicion.

///
///
///
///

B.    IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 1, 2014

          /s/  Arthur Nakazato
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE