UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN ARTHUR WALTHALL,<br><br>    Defendant. | NO. CR-14-192-CJC<br><br>ORDER DENYING DEFENDANT'S MOTION TO RECUSE CENTRAL DISTRICT OF CALIFORNIA BENCH |

BEFORE THE COURT is Defendant John Walthall's Motion to Recuse All Judges of the Central District of California (ECF No. 13), pursuant to 28 U.S.C. § 455(a) which states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Motion To Recuse was assigned to the undersigned, a Senior United States District Court Judge for the Eastern District of Washington.

John Arthur Walthall is charged with soliciting the murder and assault of a federal judge in the Central District of California, two Assistant U.S. Attorneys from the district, and two FBI agents, in violation of 18 U.S.C. § 373(a). The U.S. Attorneys Office for the Central District of California has recused itself, and the matter is being prosecuted by the U.S. Attorneys Office for the Southern District of California.

In analyzing § 455(a) disqualification motions, the objective test is "whether a reasonable person with knowledge of all the facts would conclude that the judge's

ORDER - 1

impartiality might not reasonably be questioned." *Clemens v. U.S. Dist. Court for the Central Dist. Of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Herrington v. County of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1987)). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Id.* (quoting *Herrington*, 834 F.2d, at 386). To prevent defendants from disqualifying judges by simply making threats for the purpose of recusal, "questions about a judge's impartiality must stem from 'extrajudicial' factors," meaning "from sources other than the judicial proceeding at hand." *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 554 (1994)). Finally, disqualification motions "are fact driven, and as a result, the analysis of a particular § 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *Id.* (quoting *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999)).

Here, Mr. Walthall is accused of soliciting the murder and assault of a U.S. District Court Judge of the Central District of California. Defense counsel argue that this charge disqualifies the entire district bench from hearing the case because the allegedly threatened judge "is the colleague (and perhaps even a friend) of the assigned Judge and all of the judges in the Central District." ECF No. 13, at 5. The defense claims this collegial relationship would cause a reasonable observer to doubt the district's impartiality, because "members of this Court enjoy a close and regular professional (and possibly even personal) relationship" with the judge. *Id.* at 6.

Mr. Walthall relies heavily on two circuit court cases in which entire U.S. district court benches were recused. The first, *In re Nettles*, involved the defendant purchasing bomb-making ingredients from an FBI agent allegedly to destroy the Dirksen Courthouse in Chicago, home to the U.S. District Court for the Northern District of Illinois. 394 F.3d 1001, 1002 (7th Cir. 2005). There, the court held that "[a] reasonable observer would think

ORDER - 2

that a judge who works in the Dirksen building would want Nettles to be convicted and given a long sentence, rather than to be set free, either forthwith or sooner rather than later, to make another attempt to destroy the courthouse or its occupants." *Id*. at 1003.

Mr. Walthall also cites to *Nichols v. Alley*, in which one of the defendants in the Oklahoma City Federal Building bombing moved to disqualify all of the judges sitting in the U.S. District Court for the Western District of Oklahoma. 71 F.3d 347, 350 (10th Cir. 1995). The court "conclude[d] based on the extraordinary circumstances of this case" that reasonable people would doubt the entire court's impartiality, since the court was "one block away from the epicenter of a massive explosion that literally rocked downtown Oklahoma City, heavily damaged the [Federal] Building, killed 169 people, and injured many others." *Id.* at 352. In both of these cases, it was the danger to the courthouse, where all the judges worked, which disqualified the entire bench, not the alleged threat to one judge. The cited cases focused on the physical safety, safety and potential bias of all judges, rather than threats to an individual judge.

In its Response, the Government cites *Clemens v. U.S. Dist. Court for the Central Dist. of California*, where the defendant moved to disqualify the entire bench after being charged "with making threats with intent to extort, assault, murder, or to inflict harm upon three federal district court judges." 428 F.3d 1175, 1177 (9th Cir. 2005). There, "the government allege[d] only that the defendant made personal threats against three individual judges in the district" and that therefore no "reasonable observer [could] draw the inference that a threat was intended against the entire bench." *Id*. at 1180. Noting the numerous courthouses and judges in the Central District of California, the court held "no reasonable observer could conclude that a threat against three judges... should be construed as a threat against all the judges of the district." *Id.*

Mr. Walthall's Reply lists several cases where threats to district judges resulted in bench-wide disqualification. However, those cases have notable characteristics

ORDER - 3

distinguishable from this case. For instance, Mr. Walthall cites a District of Idaho case, *U.S. v. Hinkson*, 04-127-C-BLW, wherein the Ninth Circuit referred the case to an out of district judge because "the Defendant threatened the life of the only other district judge in Idaho." ECF No. 20-1, at 35. There, the court found it pertinent that one of only two district judges was threatened, which is an entirely different situation than in the Central District of California, which has dozens of judges. Mr. Walthall also cites to *U.S. v. White*, 08-cr-851, where the case was transferred outside the Northern District of Illinois because the defendant had threatened a judge; however, there the court made its decision to transfer "[in light of the government's agreement with the defendant that a reasonable observer may question whether any judge" in the district "could be impartial." *Id*. at 64. Here, the Government strongly contests the Motion to Recuse.

Mr. Walthall is charged with soliciting the murder of one individual judge, not three as in *Clemens*. Even there, when three judges in the district were threatened, the Ninth Circuit concluded "disqualification of an entire district is not justified except under highly exceptional circumstances, which are not present here." *Clemens*, 428 F.3d, at 1180. The cases where entire districts have been disqualified, such as *in re Nettles* and *Nichols*, involved physical threats to or actual destruction of courthouses, including judicial chambers, or other distinguishable characteristics affecting all judges, that do not exist here. The court finds Mr. Walthall's case does not rise to the "highly exceptional" level necessitating the disqualification of an entire district bench under 28 U.S.C. § 455(a) and therefore denies the Motion to Recuse.

**IT IS HEREBY ORDERED:**

1. Defendant John Walthall's Motion to Recuse All Judges in the Central District of California (ECF No. 13) is **DENIED**.

2. Defendants' ex parte Application for Order Shortening Time (ECF No. 21) is **GRANTED**.

ORDER - 4

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel and the judge assigned to this case.

**DATED** this 9th day of February, 2015.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5