FILED

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50464 |
| Plaintiff-Appellee, | D.C. No. 8:14-cr-00192-CJC-1 |
| v. | |
| JOHN ARTHUR WALTHALL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted November 7, 2018
Pasadena, California

Before: WARDLAW, RAWLINSON, and HURWITZ, Circuit Judges.

Defendant-Appellant John Walthall (Walthall) appeals the district court's judgment of conviction following a jury verdict. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* whether a defendant was denied his Sixth Amendment right to counsel. *See United States v. Ortega*, 203 F.3d 675, 679 (9th

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cir. 2000). A district court's denial of a motion for substitution of counsel is reviewed for an abuse of discretion. *See United States v. Velazquez*, 855 F.3d 1021, 1033-34 (9th Cir. 2017). "[W]e have not yet clarified whether denial of a *Faretta*[1] request is reviewed de novo or for abuse of discretion." *United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001). A district court's factual findings about a defendant's competence to stand trial are reviewed for clear error. *See United States v. Turner*, 897 F.3d 1084, 1105 (9th Cir. 2018).

**1.** Criminal defendants have a right to represent themselves as long as they knowingly and voluntarily waive their right to counsel. *See Faretta,* 422 U.S. at 819-20; *see also United States v. Brugnara*, 856 F.3d 1198, 1212 (9th Cir.), *cert. denied*, 138 U.S. 409 (2017).

The district court held a combined competency and *Faretta* hearing to determine whether Walthall had the capacity to stand trial and to represent himself. At the hearing, two psychologists from the Bureau of Prisons testified, opining that Walthall did not suffer from a major mental illness that would deprive him of the ability to understand the nature of the proceedings against him. After reviewing the evidence, the district court denied Walthall the opportunity to represent himself, ruling that Walthall was competent to stand trial, but not capable of

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

representing himself because he "was not willing or capable to perform the essential tasks needed to present his defense," and lacked the legal knowledge and skills to defend himself. The district court's determination was largely based on Walthall's antics during court appearances, and the court never engaged in the *Faretta* colloquy with Walthall. *See United States v. Hernandez*, 203 F.3d 614, 623-24 (9th Cir. 2000) (requiring district courts to make defendants aware of the "three [*Faretta*] elements of self-representation" before denying their request) (internal quotation marks omitted), *overruled on other grounds as recognized in United States v. Ferguson*, 560 F.3d 1060, 1068 n.4 (9th Cir. 2009). Failure to fulfill this obligation "violates the defendant's Sixth Amendment right of self-representation" and requires reversal. *Id*. at 625.

As an initial matter, Walthall's "technical legal knowledge is not relevant to an assessment of his knowing exercise of the right to defend himself." *Tamplin v. Muniz*, 894 F.3d 1076, 1085 (9th Cir. 2018) (citation and alterations omitted). In fact, even if Walthall was "abysmally ignorant when it comes to technical legal knowledge," he still possessed the right (subject to limitation) to self-representation. *United States v. Mack*, 362 F.3d 597, 601 (9th Cir. 2004) (citations and internal quotation marks omitted). Nevertheless, termination of Walthall's self-representation would have been warranted if Walthall was disruptive or

engaged in obstructionist behavior *after* he was afforded the opportunity to represent himself. *See Brugnara*, 856 F.3d at 1212 (noting that a court may terminate self-representation by an "unduly disruptive" defendant). However, once the district court determined that Walthall was competent to stand trial, the district court erred by not making further inquiry to support findings concerning Walthall's ability to represent himself. *See Hernandez*, 203 F.3d at 623-24. Under any standard of review, reversal is required due to the district court's failure to complete the required *Faretta* procedures. *See id*.

    **2**. Although the district court lacked the benefit of our recent decision in *United States v. Read*, 918 F.3d 712 (9th Cir. 2019), that case merely reiterated our precedent interpreting *Faretta* as recognizing the defendant's "right to be the 'master' of his or her own defense." *Id*. at 720 (quoting *Faretta*, 422 U.S. at 820). The district court's erroneous denial of Walthall's right to represent himself was "structural error and therefore requires reversal" and a new trial. *United States v. Farias*, 618 F.3d 1049, 1055 (9th Cir. 2010).

    **3.** The pre-trial communication restriction imposed by the magistrate judge, which limited Walthall's ability to solicit private representation, was unduly broad as written. However, as the restriction was not strictly enforced, and Walthall had multiple opportunities to engage with individuals beyond those listed in the order,

Walthall's constitutional rights were not infringed. *Cf. Musladin v. Lamarque*, 555 F.3d 830, 838 (9th Cir. 2009) (explaining that a Sixth Amendment violation occurs when there is a "complete denial of counsel").

**4.** The district court did not abuse its discretion by denying Walthall's requests to be appointed new counsel. *See Velazquez*, 855 F.3d at 1034. Any breakdown in communication between Walthall and his attorney was precipitated by Walthall's intractability rather than by a true conflict. *See Daniels v. Woodford*, 428 F.3d 1181, 1198 (9th Cir. 2005) (explaining that a defendant's right to counsel is not denied when the defendant unreasonably refuses to cooperate with his attorney).

**AFFIRMED IN PART, REVERSED IN PART.**[2]

---

[2] Because we reverse for failure to comply with *Faretta*, we need not, and do not, address Walthall's argument that the district court erred by failing to re-evaluate his competency between the first and second trials.